UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTATE OF GUGSA ABRAHAM DABELLA, ET AL | : : : : | NO.: 3:16-cv-00534-RNC |
| v. | : : | |
| TOWN OF REDDING, ET AL, | : | MAY 26, 2016 |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

**PARTIES**

    1-2.   As to paragraphs 1 and 2, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

    3-11.  Paragraphs 3, 4, 5, 6, 7, 8, 9, 10 and 11 are admitted.

    12.    As to paragraph 12, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

**JURISDICTION AND VENUE**

    13-14.  As to paragraphs 13 and 14, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

15. Paragraph 15 is denied.

16. As to paragraph 16, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

**FACTUAL BACKGROUND**

17. Paragraph 17 is denied.

18-20. As to paragraphs 18, 19 and 20, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

21. Paragraph 21 is denied.

22-30. As to paragraphs 22, 23, 24, 25, 26, 27, 28, 29 and 30, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

31-32. Paragraphs 31 and 32 are denied.

33. As to that portion of paragraph 33 which states: "Mr. Dabela received a text message at 12:03 a.m. on the night of his murder which read: "turn he just didn't", these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.  As to the remainder of paragraph 33, it is denied.

34-47. As to paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46 and 47, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

48. That portion of paragraph 48 which states: "While seeking contact information for Mr. Dabela's next-of-kin, the Defendants joked with the landlords that they should be "happy" that Mr. Dabela decided to commit suicide in his car because it would have been "messy" if he had shot himself in their house" is denied. As to the remainder of paragraph 48, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

49-54. As to paragraphs 49, 50, 51, 52, 53 and 54, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

55. Paragraph 55 is denied.

56-71. As to paragraphs 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70 and 71, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

72. Paragraph 72 is denied.

73. As to paragraph 73, these defendants do not have sufficient knowledge

or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

    74.    Paragraph 74 is denied.

    75-78.  As to paragraphs 75, 76, 77 and 78, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

    79.    Paragraph 79 is denied.

    80.    Paragraph 80 is admitted.

    81.    As to paragraph 81, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

    82-83.  Paragraphs 82 and 83 are denied.

**COUNT ONE:  (Violation of Civil Rights 42 U.S. Code § 1983 – Denial of Due Process) (As to Defendants  the Town of Redding, Douglas Fuchs and Ryan Alcott)**

    84.    Defendants restate and incorporate by reference each and every answer set forth in paragraphs 1-29 as if fully stated herein, and further allege as follows:

    85-86.  Paragraphs 85 and 86 are denied.

    87.    As to paragraph 87, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters

contained therein and, therefore, leaves the plaintiff to his burden of proof.

88.   Paragraph 88 is denied.

89-93.   As to paragraphs 89, 90, 91, 92 and 93, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

94.   Paragraph 94 is denied.

**COUNT TWO:  (Violation of Civil Rights 42 U.S. Code § 1983 – Denial of Equal Protection) (As to Defendants the Town of Redding, Douglas Fuchs and Ryan Alcott)**

95.   Defendants restate and incorporate by reference each and every answer set forth in all prior paragraphs as if fully stated herein, and further allege as follows:

96-100.   Paragraphs 96, 97, 98, 99 and 100 are denied.

**COUNT THREE:  (Violation of Civil Rights 42 U.S. Code § 1983 – Violation of the Second Amendment Right to possess firearm) (As to Defendants the Town of Redding, Douglas Fuchs and Ryan Alcott)**

101.   Defendants restate and incorporate by reference each and every answer set forth in all prior paragraphs as if fully stated herein, and further allege as follows:

102-104.   Paragraphs 102, 103 and 104 are denied.

105.   As to paragraph 105, these defendants do not have sufficient knowledge

or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

    106.    Paragraph 106 is denied.

**COUNT FOUR:  (Violation of Civil Rights 42 U.S. Code § 1983 – Denied Right of Access to the Courts) (As to all Defendants)**

    107.    Defendants restate and incorporate by reference each and every answer set forth in all prior paragraphs as if fully stated herein, and further allege as follows:

    108-110.  Paragraphs 108, 109 and 110 are denied.

    111.    As to paragraph 111, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

    112-114.  Paragraphs 112, 113 and 114 are denied.

**COUNT FIVE:  (Violation of Civil Rights 42 U.S. Code § 1983 – State Created Danger) (As to all Defendants)**

    115.    Defendants restate and incorporate by reference each and every answer set forth in all prior paragraphs as if fully stated herein, and further allege as follows:

    116-120.  Paragraphs 116, 117, 118, 119 and 120 are denied.

    121.    As to paragraph 121, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

122-123.   Paragraphs 122 and 123 are denied.

124.   As to paragraph 124, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

125-126.   Paragraphs 125 and 126 are denied.

**COUNT SIX:  (Violation of Civil Rights 42 U.S. Code § 1983 – Municipal Liability – Failure to Implement Appropriate Policies, Training methods and Practices) (As to Defendants the Town of Redding and Douglas Fuchs)**

127.   Defendants restate and incorporate by reference each and every answer set forth in all prior paragraphs as if fully stated herein, and further allege as follows:

128-133.   Paragraphs 128, 129, 130, 131, 132 and 133 are denied.

**COUNT SEVEN:  (Violation of Civil Rights 42 U.S. Code § 1985 – Conspiracy) (As to all Defendants)**

134.   Defendants restate and incorporate by reference each and every answer set forth in all prior paragraphs as if fully stated herein, and further allege as follows:

135-139.   Paragraphs 135, 136, 137, 138 and 139 are denied.

**COUNT EIGHT:  (Violation of Civil Rights 42 U.S. Code § 1983 – Defamation) (As to all Defendants)**

140.   Defendants restate and incorporate by reference each and every answer

set forth in all prior paragraphs as if fully stated herein, and further allege as follows:

141-144.   Paragraphs 141, 142, 143 and 144 are denied.

**COUNT NINE:   (Violation of Civil Rights 42 U.S. Code § 1983 – Wrongful Death) (As to Defendant Killer John Doe)**

145-148.   The defendants, Town of Redding, Douglas Fuchs, Ryan Alcott, Marc Deluca, Peter Quinn, Timothy Succi, Brandon Kaufman, Brittany Salafia and Michael Livingston, do not answer Count Nine, as it is not directed to them.

**COUNT TEN:   (Violation of Civil Rights 42 U.S. Code § 1983 – Intentional Infliction of Emotional Distress) (As to all Defendants)**

149.   Defendants restate and incorporate by reference each and every answer set forth in all prior paragraphs as if fully stated herein, and further allege as follows:

150-152.   Paragraphs 150, 151 and 152 are denied.

## BY WAY OF AFFIRMATIVE DEFENSES

1. Complaint fails to state a claim upon which relief may be granted.

2. Complaint fails to state a claim against the fictitious Defendant Killer John Doe.

3. The Plaintiff's claims are barred by Qualified Immunity.

4. The Plaintiff's claims are barred by Governmental Immunity.

5. All Statements made by the Defendants were privileged and/or justified, and were not defamatory.

DEFENDANTS,
TOWN OF REDDING, DOUGLAS FUCHS, RYAN ALCOTT, MARC DELUCA, PETER QUINN, TIMOTHY SUCCI, BRANDON KAUFMAN, BRITTANY SALAFIA and MICHAEL LIVINGSTON, Individually and in their Official capacities

By___/s/ Thomas R. Gerarde_____
Thomas R. Gerarde
ct05640
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail: tgerarde@hl-law.com

## **CERTIFICATION**

      This is to certify that on **May 26, 2016**, a copy of the foregoing **Answer and Affirmative Defenses** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Felice M. Duffy, Esq.
Duffy Law, LLC
770 Chapel Street, Suite 4F
New Haven, CT  06510

Solomon M. Radner, Esq.
Excolo Law, PLLC
26700 Lahser Rd., Suite 401
Southfield, MI  48033

Michael N. LaVelle, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06604

                                            ___*/s/ Thomas R. Gerarde*_____
                                              Thomas R. Gerarde