UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTATE OF GUGSA ABRAHAM DABELLA, ET AL | : | NO.:  3:16-cv-00534-RNC |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF REDDING, ET AL | : | OCTOBER 26, 2018 |

<u>**MOTION TO QUASH SUBPOENA DUCES TECUM**</u>

Pursuant to Rule 45(d)(3)(iv) of the F.R.C.P., the defendants, Town of Redding, Douglas Fuchs, Ryan Alcott, Marc Deluca, Peter Quinn, Timothy Succi, Brandon Kaufman, Brittany Salafia and Michael Livingston, hereby move(s) to quash the seven (7) October 15, 2018 subpoenas duces tecum served by the plaintiff upon the undersigned.  Copy of the subpoenas duces tecum are attached.  The subpoenas duces tecum command defendant Brandon Kaufman #218, defendant Marc Deluca #109, Georgetown Fire Department Fireman # G 53, Georgetown Fire Department Fireman # G 46, Georgetown Fire Department Fireman # G 54, Georgetown Fire Department Fireman # G 79, and Georgetown Fire Department Fireman # G 95 to produce "[a] buccal sample of your DNA for forensic analysis in connection with the above-referenced case."

The subpoenas duces tecum constitute an undue burden and are unreasonably cumulative and duplicative as the requested samples have previously been provided and subjected to forensic DNA analysis.  The Connecticut DESPP DNA Unit "Supplemental DNA Report V", attached as Exhibit 1 to plaintiff's subpoena duces tecum to each of the Georgetown Fire Department Firemen, contains the results of the DNA forensic analysis of the buccal samples of each of the five firemen.  The Connecticut DESPP DNA Unit "Supplemental DNA Report II", attached hereto as Exhibit A and included in plaintiff's initial Rule 26(a) disclosures, contains the results of the DNA forensic analysis of the buccal samples of both Sergeant Marc Deluca #109 and Officer Brandon Kaufman #218.  Moreover, the Connecticut DESPP DNA Unit "Supplemental DNA Report VII", attached hereto as Exhibit B and included in plaintiff's initial Rule 26(a) disclosures, contains the results of an additional DNA analysis of the buccal swabs of both police officers and the five firemen.

Plaintiff's counsel has cited no reason for an additional identical sample to be taken from any of the seven individuals or how any additional sampling would bear on any claim in the complaint.   The subpoenas duces tecum are, therefore, overly broad and seek irrelevant information that is not proportionally related to the needs of the case.  See F.R.C.P. Rule 26(b).

WHEREFORE, the undersigned defendants, hereby respectfully request that the court issue an order to quash the plaintiff's subpoenas duces tecum and that the subjects not be required to provide a buccal sample.

DEFENDANTS,
TOWN OF REDDING, DOUGLAS FUCHS,
RYAN ALCOTT, MARC DELUCA, PETER
QUINN, TIMOTHY SUCCI, BRANDON
KAUFMAN, BRITTANY SALAFIA and
MICHAEL LIVINGSTON, Individually and
in their Official capacities


By___ /s/ Thomas R. Gerarde_____
  Thomas R. Gerarde
  ct05640
  Howd & Ludorf, LLC
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 (Fax)
  E-Mail:  tgerarde@hl-law.com

## CERTIFICATION

This is to certify that on **October 26, 2018**, a copy of the foregoing **Motion to Quash** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Felice M. Duffy, Esq.
Duffy Law, LLC
770 Chapel Street, Suite 4F
New Haven, CT  06510

Solomon M. Radner, Esq.
Excolo Law, PLLC
26700 Lahser Rd., Suite 401
Southfield, MI  48033

_____*/s/ Thomas R. Gerarde*_____
Thomas R. Gerarde

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Connecticut

| | | |
|---|---|---|
| Estate of Gugsa Abraham Dabela, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:16-cv-00534-RNC |
| | ) | |
| Town of Redding, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Brandon Kaufman c/o Howd & Ludorf, LLC   (65 Wethersfield Ave, Hartford, CT 06114)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

A buccal sample of your DNA for forensic analysis in connection with the above-referenced case.

| Place: Buccal DNA samples are to be collected by a laboratory technician at a location determined by the counsel for the parties involved, at a mutually agreeable location. | Date and Time:<br><br>10/31/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/15/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff, the Estate of Gugsa Abraham Dabela                                                                        , who issues or requests this subpoena, are:

Keith Altman, Esq. 26700 Lahser Rd, Suite 401, Southfield, MI 48033  Phone: (516) 456-5885 kaltman@excololaw.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:16-cv-00534-RNC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| Estate of Gugsa Abraham Dabela, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:16-cv-00534-RNC |
| | ) |
| Town of Redding, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Marc Deluca c/o Howd & Ludorf, LLC   (65 Wethersfield Ave, Hartford, CT 06114)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      A buccal sample of your DNA for forensic analysis in connection with the above-referenced case.

| Place: Buccal DNA samples are to be collected by a laboratory technician at a location determined by the counsel for the parties involved, at a mutually agreeable location. | Date and Time:<br><br>10/31/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        10/15/2018

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff, the Estate of Gugsa Abraham Dabela                                        , who issues or requests this subpoena, are:

Keith Altman, Esq. 26700 Lahser Rd, Suite 401, Southfield, MI 48033  Phone: (516) 456-5885 kaltman@excololaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:16-cv-00534-RNC

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                           *Server's signature*

                                                           _____
                                                           *Printed name and title*

                                                           _____
                                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Connecticut

| | |
|---|---|
| Estate of Gugsa Abraham Dabela, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| Town of Redding, et al. | ) |
| _Defendant_ | ) |

Civil Action No.  3:16-cv-00534-RNC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Georgetown Fire Department Fireman identified as "G 53" on the attached Exhibit
c/o Howd & Ludorf, LLC, (65 Wethersfield Ave, Hartford, CT 06114)

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

     A buccal sample of your DNA for forensic analysis in connection with the above-referenced case.

| Place: Buccal DNA samples are to be collected by a laboratory technician at a location determined by the counsel for the parties involved, at a mutually agreeable location. | Date and Time: <br><br> 10/31/2018 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/15/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Plaintiff, the Estate of Gugsa Abraham Dabela _____, who issues or requests this subpoena, are:

Keith Altman, Esq. 26700 Lahser Rd, Suite 401, Southfield, MI 48033  Phone: (516) 456-5885 kaltman@excololaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:16-cv-00534-RNC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1



# STATE OF CONNECTICUT

### DEPARTMENT OF
### EMERGENCY SERVICES and PUBLIC PROTECTION
### DIVISION OF SCIENTIFIC SERVICES



Guy M. Vallaro, Ph.D.
Director

## DNA UNIT
## SUPPLEMENTAL DNA REPORT V

| | |
|---|---|
| **LABORATORY CASE #:** | **DSS-14-001194** |
| **SUBMITTING AGENCY:** | **Redding Police Department**<br>**96 Hill Rd**<br>**Redding, CT 06875** |
| **AGENCY CASE #:** | 14-2477 |
| **DATE OF REQUEST:** | 5/20/15 |
| **DATE OF REPORT:** | 6/9/15 |

## EVIDENCE DESCRIPTION:

#1-1S1 Stain on Firearm – muzzle
#1-1S2 Tissue-like material on Firearm – muzzle
#1-1S3 Swabbing of Firearm – Trigger
#1-1S4 Swabbing of Firearm – Grip
#1-1S5 Swabbing of Firearm – Slide pull area
#1-2S1 Stains on Magazine
#1-2S2 Swabbing of Magazine

#17 (#17) Known buccal sample, (Georgetown FD.) G 46
#18 (#18) Known buccal sample, (Georgetown FD.) G 54
#19 (#19) Known buccal sample, (Georgetown FD.) G 311
#20 (#20) Known buccal sample, (Georgetown FD.) G 95
#21 (#21) Known buccal sample, (Georgetown FD.) G 79
#22 (#22) Known buccal sample, (Georgetown FD.) G 53

## RESULTS OF EXAMINATION:

1.      DNA was previously extracted and analyzed from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2 (see DNA Report dated 06/26/2014). Extracted DNA obtained from items #17, #18, #19, #20, #21, and #22 was amplified by the AmpFℓSTR Identifiler Plus procedure. STR alleles were separated and detected.

278 Colony Street, Meriden, Connecticut 06451
Phone (203) 639-6400 Fax (203) 639-6485
*An Affirmative Action / Equal Opportunity Employer*

MD00266

DSS-14-001194
14-2477
Page 2

## SUPPLEMENTAL DNA REPORT V

**RESULTS OF
EXAMINATION
CONTINUED:**

2.      A sample from each of items #17, #18, #19, #20, #21, and #22 was retained at the laboratory. Items #17, #18, #19, #20, #21, and #22 were returned to the appropriate submitting agency.

## CONCLUSIONS:

3.      (Georgetown FD.) G 46, G 54, G 311, G 95, G 79, and G 53 are eliminated as the source of, or as a contributor to, the Identifiler Plus DNA profiles from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2.

This report reflects the test results, conclusions, interpretations, and/or the findings of the analyst as indicated by their signature below.

_____                    _____
Jian Tao, Ph.D. (Analyst)                          Michael T. Bourke, Ph.D. (Technical Reviewer)
Forensic Science Examiner 1                      Forensic Science Examiner 2

MD00267

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Connecticut

| | | |
|---|---|---|
| Estate of Gugsa Abraham Dabela, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:16-cv-00534-RNC |
| | ) | |
| Town of Redding, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Georgetown Fire Department Fireman identified as "G 46" on the attached Exhibit
c/o Howd & Ludorf, LLC, (65 Wethersfield Ave, Hartford, CT 06114)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
          A buccal sample of your DNA for forensic analysis in connection with the above-referenced case.

| Place: Buccal DNA samples are to be collected by a laboratory technician at a location determined by the counsel for the parties involved, at a mutually agreeable location. | Date and Time: 10/31/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          10/15/2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff, the Estate of Gugsa Abraham Dabela                                          , who issues or requests this subpoena, are:

Keith Altman, Esq. 26700 Lahser Rd, Suite 401, Southfield, MI 48033  Phone: (516) 456-5885 kaltman@excololaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No:  3:16-cv-00534-RNC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1



# STATE OF CONNECTICUT

DEPARTMENT OF
EMERGENCY SERVICES and PUBLIC PROTECTION
DIVISION OF SCIENTIFIC SERVICES



Guy M. Vallaro, Ph.D.
Director

## DNA UNIT
### SUPPLEMENTAL DNA REPORT V

| | |
|---|---|
| **LABORATORY CASE #:** | **DSS-14-001194** |
| **SUBMITTING AGENCY:** | **Redding Police Department**<br>**96 Hill Rd**<br>**Redding, CT 06875** |
| **AGENCY CASE #:** | 14-2477 |
| **DATE OF REQUEST:** | 5/20/15 |
| **DATE OF REPORT:** | 6/9/15 |

## EVIDENCE DESCRIPTION:

#1-1S1 Stain on Firearm – muzzle
#1-1S2 Tissue-like material on Firearm – muzzle
#1-1S3 Swabbing of Firearm – Trigger
#1-1S4 Swabbing of Firearm – Grip
#1-1S5 Swabbing of Firearm – Slide pull area
#1-2S1 Stains on Magazine
#1-2S2 Swabbing of Magazine

#17  (#17) Known buccal sample, (Georgetown FD.) G 46
#18  (#18) Known buccal sample, (Georgetown FD.) G 54
#19  (#19) Known buccal sample, (Georgetown FD.) G 311
#20  (#20) Known buccal sample, (Georgetown FD.) G 95
#21  (#21) Known buccal sample, (Georgetown FD.) G 79
#22  (#22) Known buccal sample, (Georgetown FD.) G 53

## RESULTS OF EXAMINATION:

1.      DNA was previously extracted and analyzed from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2 (see DNA Report dated 06/26/2014).  Extracted DNA obtained from items #17, #18, #19, #20, #21, and #22 was amplified by the AmpFlSTR Identifiler Plus procedure. STR alleles were separated and detected.

278 Colony Street, Meriden, Connecticut 06451
Phone (203) 639-6400 Fax (203) 639-6485
*An Affirmative Action / Equal Opportunity Employer*

MD00266

DSS-14-001194
14-2477
Page 2

## SUPPLEMENTAL DNA REPORT V

**RESULTS OF**
**EXAMINATION**
**CONTINUED:**

2.      A sample from each of items #17, #18, #19, #20, #21, and #22 was retained at the laboratory. Items #17, #18, #19, #20, #21, and #22 were returned to the appropriate submitting agency.

## CONCLUSIONS:

3.      (Georgetown FD.) G 46, G 54, G 311, G 95, G 79, and G 53 are eliminated as the source of, or as a contributor to, the Identifiler Plus DNA profiles from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2.

**This report reflects the test results, conclusions, interpretations, and/or the findings of the analyst as indicated by their signature below.**

_____
Jian Tao, Ph.D. (Analyst)
Forensic Science Examiner 1

_____
Michael T. Bourke, Ph.D. (Technical Reviewer)
Forensic Science Examiner 2

MD00267

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Connecticut

| | | |
|---|---|---|
| Estate of Gugsa Abraham Dabela, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:16-cv-00534-RNC |
| | ) | |
| Town of Redding, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Georgetown Fire Department Fireman identified as "G 54" on the attached Exhibit
c/o Howd & Ludorf, LLC, (65 Wethersfield Ave, Hartford, CT 06114)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
A buccal sample of your DNA for forensic analysis in connection with the above-referenced case.

| Place: Buccal DNA samples are to be collected by a laboratory technician at a location determined by the counsel for the parties involved, at a mutually agreeable location. | Date and Time: 10/31/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       10/15/2018

CLERK OF COURT

OR _____

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff, the Estate of Gugsa Abraham Dabela _____ , who issues or requests this subpoena, are:

Keith Altman, Esq. 26700 Lahser Rd, Suite 401, Southfield, MI 48033  Phone: (516) 456-5885 kaltman@excololaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:16-cv-00534-RNC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1



# STATE OF CONNECTICUT

### DEPARTMENT OF
### EMERGENCY SERVICES and PUBLIC PROTECTION
### DIVISION OF SCIENTIFIC SERVICES



Guy M. Vallaro, Ph.D.
Director

### DNA UNIT
### SUPPLEMENTAL DNA REPORT V

| | |
|---|---|
| **LABORATORY CASE #:** | **DSS-14-001194** |
| **SUBMITTING AGENCY:** | **Redding Police Department**<br>**96 Hill Rd**<br>**Redding, CT 06875** |
| **AGENCY CASE #:** | 14-2477 |
| **DATE OF REQUEST:** | 5/20/15 |
| **DATE OF REPORT:** | 6/9/15 |

## EVIDENCE DESCRIPTION:

#1-1S1 Stain on Firearm – muzzle
#1-1S2 Tissue-like material on Firearm – muzzle
#1-1S3 Swabbing of Firearm – Trigger
#1-1S4 Swabbing of Firearm – Grip
#1-1S5 Swabbing of Firearm – Slide pull area
#1-2S1 Stains on Magazine
#1-2S2 Swabbing of Magazine

#17 (#17) Known buccal sample, (Georgetown FD.) G 46
#18 (#18) Known buccal sample, (Georgetown FD.) G 54
#19 (#19) Known buccal sample, (Georgetown FD.) G 311
#20 (#20) Known buccal sample, (Georgetown FD.) G 95
#21 (#21) Known buccal sample, (Georgetown FD.) G 79
#22 (#22) Known buccal sample, (Georgetown FD.) G 53

## RESULTS OF EXAMINATION:

1.      DNA was previously extracted and analyzed from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2 (see DNA Report dated 06/26/2014).  Extracted DNA obtained from items #17, #18, #19, #20, #21, and #22 was amplified by the AmpF/STR Identifiler Plus procedure. STR alleles were separated and detected.

278 Colony Street, Meriden, Connecticut 06451
Phone (203) 639-6400 Fax (203) 639-6485
*An Affirmative Action / Equal Opportunity Employer*

MD00266

DSS-14-001194
14-2477
Page 2

## SUPPLEMENTAL DNA REPORT V

**RESULTS OF**
**EXAMINATION**
**CONTINUED:**

2.      A sample from each of items #17, #18, #19, #20, #21, and #22 was retained at the laboratory. Items #17, #18, #19, #20, #21, and #22 were returned to the appropriate submitting agency.

## CONCLUSIONS:

3.      (Georgetown FD.) G 46, G 54, G 311, G 95, G 79, and G 53 are eliminated as the source of, or as a contributor to, the Identifiler Plus DNA profiles from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2.

**This report reflects the test results, conclusions, interpretations, and/or the findings of the analyst as indicated by their signature below.**

Jian Tao, Ph.D. (Analyst)              Michael T. Bourke, Ph.D. (Technical Reviewer)
Forensic Science Examiner 1            Forensic Science Examiner 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | | |
|---|---|---|
| Estate of Gugsa Abraham Dabela, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   3:16-cv-00534-RNC |
| v. | ) | |
| Town of Redding, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Georgetown Fire Department Fireman identified as "G 79" on the attached Exhibit
c/o Howd & Ludorf, LLC, (65 Wethersfield Ave, Hartford, CT 06114)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

A buccal sample of your DNA for forensic analysis in connection with the above-referenced case.

| Place: Buccal DNA samples are to be collected by a laboratory technician at a location determined by the counsel for the parties involved, at a mutually agreeable location. | Date and Time: 10/31/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/15/2018

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff, the Estate and of Gugsa Abraham Dabela _____ , who issues or requests this subpoena, are:

Keith Altman, Esq. 26700 Lahser Rd, Suite 401, Southfield, MI 48033  Phone: (516) 456-5885 kaltman@excololaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:16-cv-00534-RNC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1



# STATE OF CONNECTICUT

## DEPARTMENT OF
### EMERGENCY SERVICES and PUBLIC PROTECTION
### DIVISION OF SCIENTIFIC SERVICES



Guy M. Vallaro, Ph.D.
Director

### DNA UNIT
### SUPPLEMENTAL DNA REPORT V

| | |
|---|---|
| **LABORATORY CASE #:** | **DSS-14-001194** |
| **SUBMITTING AGENCY:** | **Redding Police Department**<br>**96 Hill Rd**<br>**Redding, CT 06875** |
| **AGENCY CASE #:** | 14-2477 |
| **DATE OF REQUEST:** | 5/20/15 |
| **DATE OF REPORT:** | 6/9/15 |

## EVIDENCE DESCRIPTION:

#1-1S1 Stain on Firearm – muzzle
#1-1S2 Tissue-like material on Firearm – muzzle
#1-1S3 Swabbing of Firearm – Trigger
#1-1S4 Swabbing of Firearm – Grip
#1-1S5 Swabbing of Firearm – Slide pull area
#1-2S1 Stains on Magazine
#1-2S2 Swabbing of Magazine

#17 (#17) Known buccal sample, (Georgetown FD.) G 46
#18 (#18) Known buccal sample, (Georgetown FD.) G 54
#19 (#19) Known buccal sample, (Georgetown FD.) G 311
#20 (#20) Known buccal sample, (Georgetown FD.) G 95
#21 (#21) Known buccal sample, (Georgetown FD.) G 79
#22 (#22) Known buccal sample, (Georgetown FD.) G 53

## RESULTS OF EXAMINATION:

1.      DNA was previously extracted and analyzed from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2 (see DNA Report dated 06/26/2014). Extracted DNA obtained from items #17, #18, #19, #20, #21, and #22 was amplified by the AmpF*l*STR Identifiler Plus procedure. STR alleles were separated and detected.

278 Colony Street, Meriden, Connecticut 06451
Phone (203) 639-6400 Fax (203) 639-6485
*An Affirmative Action / Equal Opportunity Employer*

MD00266

DSS-14-001194
14-2477
Page 2

## SUPPLEMENTAL DNA REPORT V

**RESULTS OF
EXAMINATION
CONTINUED:**

2.      A sample from each of items #17, #18, #19, #20, #21, and #22 was retained at the laboratory. Items #17, #18, #19, #20, #21, and #22 were returned to the appropriate submitting agency.

## CONCLUSIONS:

3.      (Georgetown FD.) G 46, G 54, G 311, G 95, G 79, and G 53 are eliminated as the source of, or as a contributor to, the Identifiler Plus DNA profiles from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2.

This report reflects the test results, conclusions, interpretations, and/or the findings of the analyst as indicated by their signature below.

_____          _____
Jian Tao, Ph.D. (Analyst)                Michael T. Bourke, Ph.D. (Technical Reviewer)
Forensic Science Examiner 1              Forensic Science Examiner 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Connecticut

| | |
|---|---|
| Estate of Gugsa Abraham Dabela, et al. | )<br>) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:16-cv-00534-RNC |
| | ) |
| Town of Redding, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Georgetown Fire Department Fireman identified as "G 95" on the attached Exhibit
c/o Howd & Ludorf, LLC, (65 Wethersfield Ave, Hartford, CT 06114)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

A buccal sample of your DNA for forensic analysis in connection with the above-referenced case.

| Place: Buccal DNA samples are to be collected by a laboratory technician at a location determined by the counsel for the parties involved, at a mutually agreeable location. | Date and Time:<br><br>10/31/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/15/2018

*CLERK OF COURT*

OR _____

_____                _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff, the Estate of Gugsa Abraham Dabela                                              , who issues or requests this subpoena, are:

Keith Altman, Esq. 26700 Lahser Rd, Suite 401, Southfield, MI 48033  Phone: (516) 456-5885 kaltman@excololaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:16-cv-00534-RNC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1



# STATE OF CONNECTICUT

DEPARTMENT OF
EMERGENCY SERVICES and PUBLIC PROTECTION
DIVISION OF SCIENTIFIC SERVICES



Guy M. Vallaro, Ph.D.
Director

## DNA UNIT
### SUPPLEMENTAL DNA REPORT V

| | |
|---|---|
| **LABORATORY CASE #:** | **DSS-14-001194** |
| **SUBMITTING AGENCY:** | **Redding Police Department**<br>**96 Hill Rd**<br>**Redding, CT 06875** |
| **AGENCY CASE #:** | 14-2477 |
| **DATE OF REQUEST:** | 5/20/15 |
| **DATE OF REPORT:** | 6/9/15 |

---

## EVIDENCE DESCRIPTION:

#1-1S1 Stain on Firearm – muzzle
#1-1S2 Tissue-like material on Firearm – muzzle
#1-1S3 Swabbing of Firearm – Trigger
#1-1S4 Swabbing of Firearm – Grip
#1-1S5 Swabbing of Firearm – Slide pull area
#1-2S1 Stains on Magazine
#1-2S2 Swabbing of Magazine

#17  (#17) Known buccal sample, (Georgetown FD.) G 46
#18  (#18) Known buccal sample, (Georgetown FD.) G 54
#19  (#19) Known buccal sample, (Georgetown FD.) G 311
#20  (#20) Known buccal sample, (Georgetown FD.) G 95
#21  (#21) Known buccal sample, (Georgetown FD.) G 79
#22  (#22) Known buccal sample, (Georgetown FD.) G 53

## RESULTS OF EXAMINATION:

1.      DNA was previously extracted and analyzed from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2 (see DNA Report dated 06/26/2014).  Extracted DNA obtained from items #17, #18, #19, #20, #21, and #22 was amplified by the AmpFℓSTR Identifiler Plus procedure. STR alleles were separated and detected.

278 Colony Street, Meriden, Connecticut 06451
Phone (203) 639-6400 Fax (203) 639-6485
*An Affirmative Action / Equal Opportunity Employer*

MD00266

DSS-14-001194
14-2477
Page 2

## SUPPLEMENTAL DNA REPORT V

**RESULTS OF
EXAMINATION
CONTINUED:**

2.      A sample from each of items #17, #18, #19, #20, #21, and #22 was retained at the laboratory. Items #17, #18, #19, #20, #21, and #22 were returned to the appropriate submitting agency.

## CONCLUSIONS:

3.      (Georgetown FD.) G 46, G 54, G 311, G 95, G 79, and G 53 are eliminated as the source of, or as a contributor to, the Identifiler Plus DNA profiles from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2.

**This report reflects the test results, conclusions, interpretations, and/or the findings of the analyst as indicated by their signature below.**

_____            _____
Jian Tao, Ph.D. (Analyst)            Michael T. Bourke, Ph.D. (Technical Reviewer)
Forensic Science Examiner 1            Forensic Science Examiner 2

MD00267

# EXHIBIT A



# STATE OF CONNECTICUT

### DEPARTMENT OF
### EMERGENCY SERVICES and PUBLIC PROTECTION
### DIVISION OF SCIENTIFIC SERVICES



Guy M. Vallaro, Ph.D.
Director

### DNA SECTION
### SUPPLEMENTAL DNA REPORT II

| | |
|---|---|
| **LABORATORY CASE #:** | **DSS-14-001194** |
| **SUBMITTING AGENCY:** | **Redding Police Department**<br>**96 Hill Rd**<br>**Redding, CT 06875** |
| **AGENCY CASE #:** | **14-2477** |
| **DATE OF REQUEST:** | **11/20/14** |
| **DATE OF REPORT:** | **12/02/14** |

## EVIDENCE DESCRIPTION:

#1-1S1 Stain on Firearm – muzzle
#1-1S2 Tissue-like material on Firearm – muzzle
#1-1S3 Swabbing of Firearm – Trigger
#1-1S4 Swabbing of Firearm – Grip
#1-1S5 Swabbing of Firearm – Slide pull area
#1-2S1 Stains on Magazine
#1-2S2 Swabbing of Magazine

#9   Known buccal sample, Sergeant #105
#10 Known buccal sample, Sergeant #109
#11 Known buccal sample, Sergeant #111
#12 Known buccal sample, Officer #218

## RESULTS OF EXAMINATION:

1.      DNA was previously extracted and analyzed from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2 (see DNA Report dated 06/26/2014).  Extracted DNA obtained from items #9, #10, #11 and #12 was amplified by the AmpFℓSTR Identifiler Plus procedure. STR alleles were separated and detected.

2.      A sample from each of items #9, #10, #11 and #12 was retained at the laboratory. Items #9, #10, #11 and #12 were returned to the appropriate submitting agency.

DSS-14-001194
14-2477
Page 2

JT

## SUPPLEMENTAL DNA REPORT II

## CONCLUSIONS:

3.      Sergeant #105, Sergeant #109, Sergeant #111 and Officer #218  are eliminated as the source of, or contributors to, the Identifiler Plus DNA profiles from items #1-1S1, #1-1S2, #1-1S3, #1-1S4, #1-1S5, #1-2S1 and #1-2S2.

**This report reflects the test results, conclusions, interpretations, and/or the findings of the analyst as indicated by their signature below.**

Jian Tao (Analyst)
Forensic Science Examiner 1

Melanie G. Russell (Technical Reviewer)
Forensic Science Examiner 1

# EXHIBIT B



# STATE OF CONNECTICUT

DEPARTMENT OF
EMERGENCY SERVICES and PUBLIC PROTECTION
DIVISION OF SCIENTIFIC SERVICES



Guy M. Vallaro, Ph.D.
Director

## DNA UNIT
### SUPPLEMENTAL DNA REPORT VII

**LABORATORY CASE #:**       DSS-14-001194

**SUBMITTING AGENCY:**       CSP – Western District Major Crime Squad
                            452B Bantam Rd
                            Litchfield, CT 06759
                             Xref: Redding Police Department

**AGENCY CASE #:**           CFS1400272598
                             Xref: 14-2477

**DATE OF REQUEST:**         08-10-15

**DATE OF REPORT:**          10-20-15

---

## EVIDENCE DESCRIPTION:

| | |
|---|---|
| #7 | Known buccal sample, Gugsa Dabela |
| #9 | Known buccal sample, Sergeant #105 |
| #10 | Known buccal sample, Sergeant #109 |
| #11 | Known buccal sample, Sergeant #111 |
| #12 | Known buccal sample, Officer #218 |
| #13 | (#13) Known buccal sample, D. Aarons |
| #14 | Known buccal sample, B. Satrinno |
| #15 | Known buccal sample, B. Perry |
| #16 | Known buccal sample, VinTech EMT 15211 |
| #17 | (#17) Known buccal sample, (Georgetown FD.) G 46 |
| #18 | (#18) Known buccal sample, (Georgetown FD.) G 54 |
| #19 | (#19) Known buccal sample, (Georgetown FD.) G 311 |
| #20 | (#20) Known buccal sample, (Georgetown FD.) G 95 |
| #21 | (#21) Known buccal sample, (Georgetown FD.) G 79 |
| #22 | (#22) Known buccal sample, (Georgetown FD.) G 53 |
| #23 | (#0003) Envelope with "one (1) druggist fold with physiological substance" |
| | #23G1      Small stone-like material with some debris |

## RESULTS OF EXAMINATION:

1.    DNA was previously extracted and analyzed from items #7, #9, #10, #11, #12, #13, #14, #15, #16, #17, #18, #19, #20, #21, and #22 (see Redding Police Department DNA Reports dated 07-31-14, 12-02-14, 03-17-15, 05-29-15, and 06-09-15).

DSS-14-001194
CFS1400272598
Xref: 14-2477
Page 2 of 2

MbR

## SUPPLEMENTAL DNA REPORT VII

**RESULTS OF**
**EXAMINATION**
**CONTINUED:**

2.    Item #23G1 gave a positive result with a color screening test for the presence of blood. Extracted DNA obtained from item #23G1 was amplified by the AmpF*l*STR Identifiler Plus procedure. STR alleles were separated and detected.

3.    The following results were obtained on the amplified items:

Identifiler Plus Alleles Detected

| Item # | D8S1179 | D21S11 | D7S820 | CSF1PO | D3S1358 | TH01 | D13S317 | D16S539 | D2S1338 |
|--------|---------|--------|--------|--------|---------|------|---------|---------|---------|
| 23G1 | 15 | 29, 31 | 8, 10 | 11, 12 | 15 | 7, 8 | 11, 12 | 11, 12 | 23 |
| 7 | 15 | 29, 31 | 8, 10 | 11, 12 | 15 | 7, 8 | 11, 12, 13 | 11, 12 | 23 |

| Item # | D19S433 | vWA | TPOX | D18S51 | AMEL | D5S818 | FGA |
|--------|---------|-----|------|--------|------|--------|-----|
| 23G1 | 12, 15.2 | 15, 18 | 8, 9 | 12, 13 | X, Y | 13 | 19, 21 |
| 7 | 12, 15.2 | 15, 18 | 8, 9 | 12, 13 | X, Y | 13 | 19, 21 |

3.    The testable portion of item #23G1 was consumed in testing. Item #23 was returned to the appropriate submitting agency.

## CONCLUSIONS:

4.    Gugsa Dabela cannot be eliminated as the source of the DNA profile from item #23G1, therefore it is not appropriate for entry into the Connecticut and National DNA Databases. The expected frequency of individuals who cannot be eliminated as the source of the DNA profile (at all loci tested except D13S317) from item #23G1 is less than 1 in 7 billion in the African American, Caucasian, and Hispanic populations.

5.    The results eliminate Sergeant #105, Sergeant #109, Sergeant #111, Officer #218, D. Aarons, B. Satrinno, B. Perry, VinTech EMT 15211, and Georgetown FD G 46, G 54, G 311, G 95, G 79, and G 53 as the source of the DNA profile from item #23G1.

**This report reflects the test results, conclusions, interpretations, and/or the findings of the analyst as indicated by their signature below.**

*Melanie G. Russell*

Melanie G. Russell (Analyst)
Forensic Science Examiner 1

Carll Ladd, Ph.D. (Technical Reviewer)
Forensic Science Examiner 3