```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

ESTATE OF GUGSA ABRAHAM         :
DABELA, et al.,                 :
                                :
     Plaintiffs,                :
                                :
          v.                    :     CASE NO.  3:16cv534(RNC)
                                :
TOWN OF REDDING, et al.,        :
                                :
     Defendants.                :
```

## RULING ON MOTION TO QUASH

Pending before the court is the defendants' motion to quash the plaintiffs' subpoenas duces tecum on the grounds that the subpoenas are unduly burdensome, cumulative and duplicative. (Doc. #81).  The court heard oral argument on December 13, 2018.  The motion is granted in part and denied in part.

Pursuant to Fed. R. Civ. P. 45, a court must quash or modify a subpoena that subjects a nonparty to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). "The party issuing the subpoena bears the burden to show relevance." Sec. & Exch. Comm'n v. Archer, No. 16CV3505, 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018). Once relevance is established, the burden shifts to the party moving to quash to show the subpoena "is overbroad, duplicative, or unduly burdensome." Schoolcraft v. City of N.Y., 10 Civ. No. 6005(RWS), 2012 WL 2161596, at *2 (S.D.N.Y. June 14, 2012). Determining undue burden requires a court to balance "relevance, the need of the

party for the documents . . . and the burden imposed." Dial Corp. v. News Corp., No. 13cv6802, 2015 WL 3778533, at *1 (S.D.N.Y. May 19, 2015). In sum, the court "engages in a balancing test to determine whether undue burden exists." Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas, 262 F.R.D. 293, 299 (S.D.N.Y. 2009).

Applying those principles here, during oral argument plaintiffs' counsel made a showing that the requested information is relevant to plaintiffs' claims and theory of the case. The one exception is plaintiffs' request as to Special Officer Leonard, for whom the plaintiffs made no showing of relevance.

The defendants argue that the information sought is not relevant because the plaintiffs' claims are deficient. Their objections based on the merits of the plaintiffs' claims are misplaced. See e.g., N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc., 325 F.R.D. 36, 48 (E.D.N.Y. 2018) (defendant's challenges to the viability of plaintiff's claims are not "proper grounds to preclude otherwise appropriate discovery"); Electrified Discounters, Inc. v. MI Techs., Inc., No. 3:13-CV-1332, 2015 WL 2383618, at *6 (D. Conn. May 19, 2015) ("Because an adjudication on the merits normally comes only after discovery, it is no objection to a[ ] [discovery request] that it relates to a defense or claim which is insufficient in law.") (citing Kimbro v.

2

I.C. System, Inc., No. 3:01-CV-1676, 2002 WL 1816820, at *1 (D. Conn. July 22, 2002)).

Because the information the plaintiffs seek is relevant, the defendants have burden of showing that compliance constitutes an undue burden.  They have not done so.  There is no showing that the testing is more than minimally intrusive.  Upon balancing the probative value of the discovery sought against its potential burden, the court grants the motion to quash as to Leonard and denies the motion as to the other ten individuals.

Plaintiffs' counsel shall confer with defense counsel to establish an agreed-upon protocol for collection and testing.

SO ORDERED at Hartford, Connecticut this 18th day of December, 2018.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge