UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTATE OF GUGSA ABRAHAM DABELA, ET AL | : : : | NO.: 3:16-cv-00534-RNC |
| v. | : : | |
| TOWN OF REDDING, ET AL, | : | MAY 29, 2019 |

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT (CORRECTED)**

Defendants, TOWN OF REDDING, DOUGLAS FUCHS, MARC DELUCA, PETER QUINN, TIMOTHY SUCCI, and BRANDON KAUFMAN, hereby submit this Reply Memorandum in response to the Plaintiff's Objection to the Defendants' Motion for Summary Judgment ("Pl. Opp."), dated March 11, 2019 [Doc. #121]. Defendants do not address Plaintiff's claims of State Created Danger, Defamation or Intentional Infliction of Emotional Distress in their Reply Brief as Plaintiff admitted that these claims should be dismissed (Pl. Opp. at CMECF p. 45).

**I.   THE FACTS CITED IN DEFENDANTS' RULE 56(A)(1) ARE RELEVANT AND MATERIAL TO THE COURT'S DECISION AND MUST BE CONSIDERED.**

All statements in Defendants' Local Rule 56(a)(1) Statement of Undisputed Facts are material to their motion for summary judgment; Defendants incorporated the entire Local Rule 56(a)(1) Statement of Undisputed Facts in their Memorandum of Law in Support of Motion for Summary Judgment by reference. Document 106-1, at 1. Furthermore, Plaintiff has consistently argued that the decedent was "in good spirits" and "showed no signs of depression."

> Virtually every witness who observed Mr. Dabela on the evening of April 4 – April 5, 2014, said that he was in his

> normal jovial spirits that evening and was handing out newly printed business cards for his new solo law practice that was to be initially focused on concealed pistol applications and local property tax grievances, and had discussed with one bartender his plans to take a motorcycle trip to Boston over the weekend to visit with his girlfriend. Some witnesses noted that Mr. Dabela was a "very social" and "happy go lucky" person who "showed no signs of depression".

Compl., at ¶ 66. The facts included in the Local Rule 56(a)(1) Statement of Undisputed Facts are necessary to refute Plaintiff's claim and to establish the decedent's mental state on the night in question. These facts informed the ensuing investigations by the Redding Police Department, Connecticut State's Attorney, and Connecticut State Police, all of whom concluded that it was not a homicide.

## II. A MOTION FOR SUMMARY JUDGMENT IS NOT THE APPROPRIATE STAGE TO WEIGH EXPERT OPINIONS, THE COURT MAY ONLY CONSIDER EVIDENCE THAT WOULD BE ADMISSIBLE AT TRIAL.

In ruling on summary judgment, "the court should not weigh evidence or assess the credibility of witnesses. These determinations are within the sole province of the jury." Hayes v. New York City Dept. of Corr., 84 F.3d 614, 619 (2d Cir. 1996) (internal citations omitted). Likewise, here the Court should not weigh or make inferences about the weight of the respective parties' experts and their opinions. In his Opposition, Plaintiff relies heavily on his experts in arguing that the Defendant officers violated police procedures, and acted with gross incompetence or intentional dereliction of duty to conceal the nature of the Decedent's death. Pl. Opp. at CMECF pp. 11-15.

Although an expert may provide an opinion to help the jury or the judge understand a particular fact, the expert may not offer testimony stating ultimate legal conclusions based on those facts. Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992); United States v. Mandanici, 205 F.3d 519 (2d Cir. 2000); Schieber v. City of

Philadelphia, Docket No. CIV. A. 98-5648, 2000 WL 1843246, at *8 (E.D. Pa. 2000) (precluding police practices expert from testifying that the City's failure to train its police caused a violation of the victim's constitutional rights).

On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial. See Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997); Nora Beverages, Inc. v. Perrier Group of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998). Opinion evidence by Plaintiff's experts as to ultimate legal conclusions should not be considered as it would not be admissible at trial. Further, all allegations as to the credibility of a fellow witness are also inadmissible. At trial, experts may not testify as to the credibility of a fellow witness.

> It is a well-recognized principle of our trial system that determining the weight and credibility of a witness's testimony belongs to the jury . . . . Thus, this court, echoed by our sister circuits, has consistently held that expert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under Rule 702.

Nimely v. City of New York, 414 F.3d 381, 397—98 (2d Cir. 2005) (citations, alteration, and internal quotation marks omitted); see also Fed. R. Evid. 702. "[T]he rationale set forth by the Second Circuit could not be clearer: that the Federal Rules of Evidence do not allow one party to call an expert to opine about the tendencies or incentives of the other party's fact witnesses to lie or not to lie." United States v. Noze, 255 F. Supp. 3d 352, 353—54 (D. Conn. 2017).

### III. **PLAINTIFF HAS FAILED TO ESTABLISH A MUNICIPAL POLICY OR CUSTOM AND THEREFORE CANNOT DEMONSTRATE MUNICIPAL LIABILITY.**

Here, Plaintiff introduces claims about the death of Peter Valenti through a collection of articles and blog posts in support of his municipal liability argument (Pl. Opp. at CMECF pp. 32-34). Plaintiff's Exhibit 18, Doc. 121—20. These documents would not be admissible at trial and should therefore not be considered. The documents are hearsay and they do not fall within any exception or exemption set forth in Fed. R. Evid. 801, 804, or 804. Any statement by Captain O'Donnell (Pl. Opp. at CMECF p. 33) is also hearsay. Further, the evidence and argument as to the handling of the Valenti matter is irrelevant to set forth a municipal policy as it occurred two years after the subject incident. The Valenti incident occurred on April 11, 2016 (Pl. Opp. at CMECF p. 32). Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

The Valenti matter does not demonstrate a custom or policy existing as of the date of the subject incident. As the Supreme Court stated in Oklahoma City v. Tuttle,

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an **existing**, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation.

City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–34, 85 L.Ed.2d 791 (1985) (emphasis added).

Plaintiff cited to Chepliko v. City of New York, Docket No. 06-CV-5491 (ARR) (LB), 2012 WL 398700, at *15, in support of his assertion that subsequent conduct can be circumstantial evidence of a preceding municipal policy or custom. (Pl. Opp. at CMECF pp. 26—27). Notably, the Court in Chepliko ruled that the allegation of five isolated instances over a two-year period was insufficient; and that these five incidents offered no evidence that a widespread or persistent custom in violation of Plaintiff's constitutional rights had emerged. "Such sparse individual instances of unlawful conduct by enforcement officers, without more, fails to establish a practice 'so manifest as to imply the constructive acquiescence of senior policy-making officials.'" Chepliko at *15 (citing Green v. City of New York, 465 F.3d 65, 89 (2d Cir. 2006)); see, e.g., Curry v. City of Syracuse, 316 F.3d 324, 330 (2d Cir. 2003); Escobar v. City of New York, 765 F. Supp. 2d 415, 420 (S.D.N.Y. 2011) (finding "a handful of isolated incidents insufficient to create a material fact in dispute about the existence of any seizure-related policy"); Dettelis v. City of Buffalo, 3 F. Supp. 2d 341, 348 (W.D.N.Y. 1998) (four unconstitutional strip-searches, in addition to the incident in question, in seven years failed as a matter of law to constitute a custom).

One subsequent incident does not set forth a custom or policy. The evidence pertaining to Peter Valenti should therefore not be considered by the Court in ruling of the instant dispositive motion, and the claims against the municipality should be dismissed.

IV. **THERE IS NO EVIDENCE SUPPORTING A CLAIM THAT DEFENDANTS INTENTIONALLY CONCEALED OR WITHHELD EVIDENCE. THEREFORE, PLAINTIFF'S DENIAL OF ACCESS CLAIM FAILS AS A MATTER OF LAW.**

"The only failure-to-investigate claims which have recognized abridgments of the right of access to the courts are those where the investigating official concealed or destroyed evidence, or otherwise affirmatively 'obstruct[ed] legitimate efforts to seek judicial redress.'" Fedor v. Kudrak, 421 F.Supp.2d 473, n. 7 (D. Conn. 2006) (quoting Whalen v. County of Fulton, 126 F. 3d 400, 406 (2d Cir. 1997)). "In general, a backward-looking claim must be predicated upon 'deliberate action to destroy evidence' or 'prevent plaintiff[ ] from obtaining evidence.'" Stevens v. Webb, Docket No. 12-CV-2909 (KAM), 2014 WL 1154246, at *7 (E.D.N.Y. Mar. 21, 2014) (granting the defendants' motion to dismiss plaintiff's access to the courts claim, as the plaintiff's wrongful death claim was not completely foreclosed, and the plaintiff did not allege a deliberate cover-up or deliberate destruction of evidence) (quoting Farella v. City of New York, Docket Nos. 05 Civ. 5711(NRB) and 05 Civ. 8264 (NRB), 2007 WL 2456886, at *8(S.D.N.Y. Aug 23, 2007)). In this case, Plaintiff can offer no admissible evidence sufficient to defeat summary judgment that the Defendants concealed information that would have allowed Plaintiff to bring a wrongful death suit.

V. **PLAINTIFF'S CLAIM FOR DENIAL OF EQUAL PROTECTION UNDER 42 U.S.C. § 1983 SHOULD BE DISMISSED.**

Plaintiff's equal protection claim fails as a matter of law, as the Plaintiff has no evidence to show the decedent was treated differently from other similarly situated individuals, and no evidence showing that Chief Fuchs and the Town of Redding intentionally discriminated against him on the basis of race, ethnicity, or other impermissible consideration.

> A plaintiff alleging a denial of equal protection must show (1) that he was treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).

Plaintiff alleges two comparators. (Pl. Opp. at p. CMECF p. 41). With regard to the first alleged comparator, Plaintiff simply refers to press releases from February 2014 related to two apparent suicides. Plaintiff makes no argument as to how these other two individuals were somehow similarly situated to Mr. Dabela. The race of the two individuals who committed suicide is unknown so these press releases certainly do not illustrate that any differential treatment was based upon Mr. Dabela's race. (Pl. Exhibit 17). Plaintiff sets forth the Valenti incident as his second comparator. As set forth above, the incident with Mr. Valenti occurred subsequent to the subject incident. The issue with Valenti as alleged by the Plaintiff is that Defendant Fuchs delayed EMT access to the victim. Plaintiff's allegations against Chief Fuchs are that he "consciously disregarded evidence that Gugsa's death was unlikely to have been a suicide" (Pl. Opp. at CMECF p. 38). Mr. Valenti is not a similarly situated comparator, and Plaintiff makes no argument as to how Mr. Valenti and Mr. Dabela were similarly situated, nor does he produce evidence to show that any differential treatment was based upon Mr. Dabela's race.

Plaintiff also failed to meet the second element of an equal protection claim—that different treatment to a similarly situated comparator was the result of intentional discrimination against the Plaintiff because of his race. Plaintiff cannot simply assert

legal conclusions like "I was treated differently!" without any factual support. See Mpala v. City of New Haven, Docket No. 3:12-CV-01580 (VLB), 2014 WL 883906, at *5 (D. Conn. 2014).  There exists no evidence to support a finding that these Defendants acted with discriminatory intent based on Mr. Dabela's race.

Plaintiff, in his opposition also argues a class of one equal protection claim-a claim that was not plead (Pl. Opp. at CMECF p. 41). Under a "class of one" theory, a plaintiff must allege that he has been intentionally treated differently from others who were similarly situated and that there is no rational basis for the difference in treatment. *Analytical Diagnostics Labs Inc.* v. *Kusel,* 626 F.3d 135, 140 (E.D.N.Y. 2010). The plaintiff in a "class of one" claim must establish that "they were treated differently from someone who is *prima facie identical* in all relevant respects." Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005),(quoting Purze v. Vill. of Winthrop Harbor, 286 F. 3d 452, 455 (7th Cir. 2002)) (emphasis added).

For the reasons set forth above, Plaintiff has no evidence of similarly situated comparators, or intentional treatment that was different from the comparators for no rational basis. Therefore, his equal protection claims fail under all possible theories.

## VI. THE COURT SHOULD GRANT SUMMARY JUDGMENT AS TO COUNT SEVEN FOR CONSPIRACY.

Plaintiff can offer no evidence of any conspiracy. Plaintiff did not plead a § 1983 conspiracy (see Compl. and Pl. Opp. at CMECF p. 42). Furthermore, "[t]he Court of Appeals for the Second Circuit . . . has repeatedly held that the requirement of particularity in pleading is especially significant when conspiracy is alleged. Accordingly, complaints containing only vague or conclusory allegations of conspiracy will not survive a motion to dismiss." Legal Aid Soc. V. Assoc. of Legal Aid Attorneys,

8

554 F.Supp. 758, 766 (S.D.N.Y. 1982).

All of the Redding Defendants – Douglas Fuchs, Marc DeLuca, Peter Quinn, Timothy Succi, and Brandon Kaufman – are members of the Redding Police Department and employed by the same municipality, the Town of Redding. As such, the intracorporate conspiracy doctrine would apply, and any claim for a conspiracy must fail as a matter of law. Plaintiff alleges that the intracorporate conspiracy doctrine would not apply, and raises for the first time that the Defendant officers were not working within the scope of their employment and were pursuing their own personal interests (Pl. Opp. at CMECF p. 44). However, this was never plead. "[F]or a claim of intracorporate conspiracy to be actionable, the complaint must allege that corporate officials, employees, or other agents acted outside the scope of their employment and engaged in conspiratorial conduct to further their own personal purposes and not those of the corporation." Harp v. King, 266 Conn. 747, 782 (2003) (citing Trau–Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 704 (Tenn. 2002)).

## VII. **DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON ALL COUNTS.**

Plaintiff's argument against qualified immunity focuses on the claim that Mr. Dabela did not commit suicide and was, in actuality, murdered. However, this claim misses the point – Defendants' qualified immunity turns on whether their conduct was reasonable at the time they investigated Mr. Dabela's motor vehicle accident and subsequent death, based on what they knew at the time. It is well established that "police officers . . . enjoy a qualified immunity from suit under § 1983 for investigative acts." Robinson v. Via, 821 F.2d 913, 920 (2d Cir. 1987).

9

## VIII. PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND THE COMPLAINT.

On CMECF page 45 of their Opposition to Summary Judgment (Doc. 121), Plaintiff argues that he should be allowed to amend the operative complaint. This is improper – no Motion for Leave to Amend Complaint has been filed. As such, the request should be denied by the Court.

Defendants further submit that the Plaintiff should not be allowed to amend the complaint with a pending summary judgment, three years after this Honorable Court entered the operative scheduling order. The Scheduling Order (Doc. 31), set the deadline for moving to amend the complaint *on or before July 1, 2016*. The parties have concluded discovery based on the allegations set forth in the instant Complaint. "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Parker v. Columbia Pictures Indus., 204 F.3d 326, 339—40 (2000); see Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007).

## IX. CONCLUSION.

For the foregoing reasons and those in Defendants' brief in support of motion for summary judgment, the Defendants respectfully request that this Court grant their motion for summary judgment.

          DEFENDANTS,
TOWN OF REDDING, DOUGLAS FUCHS, RYAN ALCOTT, MARC DELUCA, PETER QUINN, TIMOTHY SUCCI, BRANDON KAUFMAN, BRITTANY SALAFIA and MICHAEL LIVINGSTON, Individually and in their Official capacities


By /s/ Katherine E. Rule
   Thomas R. Gerarde
   ct05640
   Katherine E. Rule
   ct27360
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail: tgerarde@hl-law.com
   E-Mail: krule@hl-law.com


## **CERTIFICATION**

    This is to certify that on May 29, 2019, a copy of the foregoing **MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


          /s/ Katherine E. Rule
          Katherine E. Rule